# M. A. HAYES

*v.*

# A. M. LAWVER.

1. LEASE—*delivery, when not necessary.* Where a tenant of a prior owner of property signs a lease to him from a grantee of his former lessor, recognizing his relation as tenant and fixing the rate of rent, the times of payment and the length of the term, it is not necessary for the landlord, in forcible detainer against such tenant, to prove a delivery of his lease

2. LANDLORD AND TENANT—*attornment.* Where a tenant, after notice of a conveyance of the demised premises by his landlord, promises to pay rent to the grantee, this is sufficient evidence of an attornment.

3. BILL OF EXCEPTIONS—*demand of rent and notice to quit.* Where the bill of exceptions taken in a forcible detainer suit, shows that a notice and demand in writing was read in evidence, but fails to set out its contents, it will be presumed that it was sufficient to justify the judgment below.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. MONTONY & BROMWELL, for the appellant.

Mr. GEO. C. FRY, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of forcible detainer, by Lawver against Hayes, brought before the circuit court by appeal from a justice of the peace, tried before the court without the intervention of a jury, and the finding and judgment were for Lawver, from which Hayes appeals to this court.

Kimmell, of Detroit, bought this property of one Prout, and found Hayes occupying as tenant of Prout. Cole, the agent of Kimmell, prepared a lease letting the premises to Hayes for a term to continue until January 1, 1875, at a monthly rent, payable in advance on the first day of each month. This lease was signed by Kimmell and Hayes, and kept by Cole, as Kimmell's agent; a copy or duplicate, signed by Kimmell, was given to Hayes. Under this lease Hayes paid rent monthly during 1873.

In February, 1874, Kimmell agreed with Lawver to sell to him the premises, with all the rents, etc., from and after March 1, 1874, and on March 2, 1874, did convey the premises to Lawver in pursuance of this agreement. Between that date and the 9th of May, 1874, Lawver, in person, and Cole, as his agent, frequently called on Hayes to collect accrued rent, and advised her of the sale of the property to Lawver. She paid no rent, but repeatedly promised to pay rent to Lawver, and at one time offered to pay $3 on account of rent due to Lawver, which was refused unless she would pay more.

Appellant objects, that the lease from Kimmell was never delivered to Hayes. This was wholly unnecessary. By signing the lease she recognized her relation as tenant to Kimmell, fixed the rate of the rent, the times of payment and the length of the term.

Appellant insists that the proof fails to show an attornment by Hayes to Lawver. The promise by Hayes, made to Lawver after he received his deed, to pay the rent to him, under the Kimmell lease, is evidence of attornment, and is satisfactory.

Appellant also contends that the necessary demand of rent and notice necessary to end the term was not proven. The

bill of exceptions of appellant says a notice and demand, in writing, was read in evidence, but fails to set out its contents. In such case this court must presume that it was sufficient.

Appellant insists that the court erred in excluding evidence tending to prove an eviction of the tenant. She fails in her brief to point out the exclusion of any such evidence, and an examination of the record fails to show the exclusion of such evidence.

Lastly, it is contended that the finding was against the law and evidence. The brief of appellant does not point out wherein the finding does violence to the law or the fair inferences from the testimony, and, after a careful examination of the record, we think the evidence fully supports the finding.

The judgment of the court below is affirmed.

*Judgment affirmed.*