Walker v. McDonald.

---

# THOMAS WALKER
## v.
## J. F. McDONALD.

*Landlord and Tenant—Parol Lease—Contract of Purchase—Distress—Attornment.*

1. Payment of rent is a sufficient attornment.
2. In a proceeding by distress for rent alleged to be due under a parol lease, this court declines to interfere with the judgment for the plaintiff, the evidence being conflicting.

[Opinion filed May 25, 1888.]

APPEAL from the County Court of Moultrie County; the Hon. H. A. MINER, Judge, presiding.

Messrs. W. G. COCHRAN and MEEKER & JENNINGS, for appellant.

Messrs. EDEN & TITUS, for appellee.

PLEASANTS, J.   Appellant was tenant of Elder under a parol lease, renewed from year to year, and commencing on the first of March, for grain rent.   After he had so occupied for several years, in April, 1886, appellee contracted with the lessor to purchase the premises; and the deed therefor was made in June and left in a bank for the grantee, who, on August 9th, got it and put it on record.   Afterward he issued the distress warrant herein, which was amended by leave of court to charge that appellant was about to sell and remove, without his consent, so much of the grain raised on the place that it would endanger his lien for rent.   The proceedings thereon resulted in a judgment on verdict for appellee for $161.80.

Appellant insists that he never attorned to appellee. Whether Sec. 14 of Chap. 80 of the Revised Statutes does or does not dispense with the necessity of attornment in such a case—which we do not now decide—there is evidence in the record that after notice of the conveyance by Elder, he paid a portion of the rent, being the proceeds of the rent oats, to appellee, and on divers other occasions recognized his relation as landlord; and this is sufficient.   Flagg v. Geltmacher, 98 Ill. 293; Hayes v. Lawver, 83 Ill. 182; Fisher v. Deering, 60 Ill. 114.

He further claimed that nothing would be due to appellee for that year because of a claim he had against Elder for improvements made, amounting to more than the year's rent, which Elder, before the conveyance to appellee, agreed should be retained out of the rent.   His own testimony falls short of proof to that effect.   He says he was owing Elder for a wagon and for borrowed money and proposed to settle, but Elder said he hadn't time to look at the improvements and would settle for them at some future time, and that for whatever improvements appellant had put or might put on the place, he should take his pay out of the rents the coming year if he, Elder, did not pay him.   He gave his note for the wagon and borrowed money and there was never any settlement between them for the improvements.   His claim is also somewhat discredited by his first offering to Elder the proceeds of the rent

oats, which he afterward, on being advised of the conveyance, paid to appellee. Furthermore, Elder denied the alleged agreement, and it was for the jury to determine which should be believed.

He contends, lastly, the proof failed to sustain the charge in the distress warrant; that it showed there was in the place at the time of levy twelve hundred bushels of corn, being the full amount of the landlord's share, and that the proceeds of the rent oats had been paid to him. He admits, however, that he claimed the right to dispose of that corn to satisfy his claim against Elder, and threatened to exercise it, Elder having in the meantime failed in business. On all these points there was conflicting evidence, but we think the finding was warranted.

The instructions, which were numerous, are not abstracted, nor is any question made upon them. The judgment will be affirmed.

*Judgment affirmed.*