THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTONIA NIEHOFF, Plaintiff in Error.

*Opinion filed December 16, 1914.*

1. CRIMINAL LAW—*when written evidence must be presumed to tend to sustain verdict.* Where the record shows the introduction of evidence in writing, such as a page from a hotel register, but the writing itself does not appear in the bill of exceptions, it must be presumed, on a review of the judgment of conviction, that the written evidence tended to sustain the verdict.

2. SAME—*character of house of assignation may be proved by circumstantial evidence.* If the circumstances shown are such that the jury may fairly infer from them the character of a place as a house of assignation, a verdict thereon cannot be said to be without basis in the evidence.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

SHORT, DAVIS & RUST, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and ARTHUR R. ROY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

An indictment of ten counts was returned charging that Antonia Niehoff, being the keeper of certain premises in Chicago which were variously described in the different

counts as a house of prostitution, house of assignation and building wherein prostitution, fornication and concubinage were allowed and practiced, permitted an unmarried female under eighteen years of age to live, board and stop therein. The indictment was based upon paragraph 57d of the Criminal Code, which prescribes a penalty for such offense of imprisonment in the penitentiary for not less than one nor more than five years. A trial resulted in a verdict finding the defendant guilty in manner and form as charged in the indictment 'and she was sentenced to an indeterminate term of imprisonment.

It is argued that there was no evidence that the defendant's place was a house of prostitution or assignation. The place was called the Taylor Hotel, and was situated at No. 163 West Division street, in the city of Chicago. It was a two-story house of fourteen rooms, seven on each floor. The defendant had conducted the hotel for eight or nine years, having regular roomers, children and men. The evidence shows that between eleven and twelve o'clock at night Ella Dumke, a girl sixteen years old, and Frank O'Malley, went to the hotel and registered as man and wife. They were accompanied by another young man and girl, who also registered as man and wife. None of them had any baggage. A son of the defendant who acted as clerk assigned them rooms, which they paid for. The defendant saw them and knew that rooms were assigned to them. The two couples occupied their respective rooms during the night. O'Malley and Ella Dumke occupied their room together until three o'clock in the morning, when he left, as he said, to go to work. Ella Dumke remained in the room until eight o'clock, when she went to the room of the other girl. The young man who had been with the other girl was also gone and another man was there occupying the room with her. The two girls left the hotel together and later in the day returned with two other young men. The evidence for the prosecution is that one of the young men asked for a

double room for the four, but the defendant said that she had no double room. The defendant denies seeing the girls when they came back the second time. None of the party registered, but they got two rooms, and Ella Dumke and one of the young men occupied one room from about two o'clock in the afternoon until six, and the other couple occupied the other room about three hours.

A page of the hotel register was received in evidence but it does not appear in the bill of exceptions. In the course of the cross-examination of the defendant's son in regard to it, counsel stated that it showed nine couples registered on that day and three rooms were occupied twice. No contradiction of this statement appears. Where the record shows the introduction of· evidence in writing but the writing itself does not appear in the bill of exceptions, we must presume that the written evidence tended to sustain the verdict. (*Hayes* v. *Lawver*, 83 Ill. 182; *Lee* v. *Town of Mound Station*, 118 id. 304; *Garrity* v. *Hamburger Co.* 136 id. 499; *Marchal* v. *Davis*, 206 id. 231.) The character of an assignation house may be shown by circumstantial evidence, and the circumstances in this record are such that the jury might fairly infer from them the character of the place kept by the defendant. We can not say that their conclusion is not in accordance with the evidence.

Complaint is made of the refusal of an instruction in regard to the weight to be given to the testimony of accomplices and informers. The instruction had no application to the case. Ella Dumke was neither an accomplice nor an informer, nor was the man who accompanied her.

The judgment is affirmed.          *Judgment affirmed.*