(No. 18800.— 

THE PEOPLE *ex rel.* John S. Rusch, Defendant in Error, *vs.* WILLIAM G. MADEL *et al.* Plaintiffs in Error.

*Opinion filed October 19, 1929—Rehearing denied Dec. 7, 1929.*

DUNN and DEYOUNG, JJ., dissenting.

LOUIS GREENBERG, and HAROLD J. DALTON, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, and MERRILL F. WEHMHOFF, (CHARLES CENTER CASE, Special State's Attorney, and GROVER C. NIEMEYER, of counsel,) for the People.

Per CURIAM: The plaintiffs in error were judges of election at the election on November 2, 1926, in the city of Chicago. A petition was filed in the county court of Cook county charging them with misconduct and misbehavior as such judges in willfully making a false return and certificate of the result of the canvass of the ballots cast and in making and consenting to an alteration, change and erasure in the tally, tally-sheet, statement, certificate and return of votes cast. They were convicted and sentenced to imprisonment in the county jail for one year, and have sued out a writ of error.

The first assignment is that the court erred in finding the plaintiffs in error were officers of the county court and therefore subject to punishment for contempt of court; and the second, that the prosecution was not carried on in the name of the People of the State of Illinois, in accordance with section 33 of article 6 of the constitution. These reasons are based on the alleged unconstitutionality of section 13 of article 2 of the City Election law, under whose provisions the election was held, but these provisions were held constitutional in *People* v. *White,* 334 Ill. 465, and the other cases decided at the same time. These cases are also decisive against the claims of the plaintiffs in error that the court erred in denying each of them a separate trial and also in denying each of them a jury trial. A person charged with contempt of court is not entitled to a jury trial of the charge or a trial separate from those charged jointly with him.

Each of the plaintiffs in error testified that he had no appointment or commission as a judge of election and that he was not sworn as judge by any judge appointed by the election commissioners. Apparently the oath was passed around to them and signed and they certified for one another. Thereupon they conducted the election as if they had been regularly appointed, received the ballots, made the returns and certified the result of the canvass of the ballots cast, and were guilty of the misconduct and misbehavior with which they were charged in the information. Section 13 of article 2 of the City Election law declares that "any judge or clerk, however appointed, and at whatever time, shall be considered an officer of the court and be subject to the same control and punishment in case of misbehavior." The plaintiffs in error were *de facto* officers, whose acts were valid as to the public and third persons upon the ground that, though not officers *de jure,* they were, in fact, officers whose acts public policy requires should be considered valid and cannot be attacked collaterally but only in a direct proceeding by the proper authority. *People* v. *Wortman,* 334 Ill. 298.

It is also assigned for error that the finding is contrary to the evidence, and that no evidence was introduced that any of the respondents committed any of the offenses found by the court. The so-called abstract of the certificate of evidence filed by the plaintiffs in error is merely an index of its contents and not an abstract of them. Various stipulations are mentioned for the admission in evidence of certain exhibits and the admission of the existence of certain facts, but the exhibits are not set out. The four respondents testified and their testimony is abstracted. The court found that the plaintiffs in error were guilty of the misconduct and misbehavior with which they were charged and that the other respondent had purged himself of contempt, and the rule against him was discharged. The abstract does not purport to contain all the evidence and does

not show that the certificate of evidence contained all the evidence produced at the hearing. The finding of the court on the facts cannot, therefore, be reviewed.

It is contended that the punishment of one year's imprisonment in the county jail is excessive. These men accepted the trust of conducting the election at their poll according to law and deliberately betrayed that trust by making a false return of the vote, in open contempt of the court whose officers they were declared to be, thus not only depriving the voters of their share in the government but using it against their wishes. The statute has not fixed the limit of the punishment, and the court having power to punish such act as a contempt of its authority, a year's imprisonment does not seem excessive for such gross and willful contempt.

The judgment is affirmed. *Judgment affirmed.*

Subsequently, upon petition for rehearing, the following additional opinion was filed:

Per CURIAM: On leave granted to the plaintiffs in error they were permitted to file an additional abstract supplying the deficiencies of the original abstract of the record. The evidence contained in the additional abstract has been considered in connection with the petition for rehearing, and a majority of the court is of the opinion that the evidence is sufficient to establish the guilt of the plaintiffs in error in respect to the charge against them. The petition for rehearing is therefore denied and the opinion affirming the judgment of the county court is adhered to.

DUNN and DEYOUNG, JJ., dissenting:

We do not agree with this judgment. In our opinion the evidence contained in the record does not justify the judgment of the county court.