The People of the State of Illinois ex rel. John S. Rusch, Defendant in Error, v. Edward Johnson, Plaintiff in Error.

Gen. No. 33,503.

Opinion filed December 31, 1929.

NASH & AHERN, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, for defendant in error; EDWARD E. WILSON and JOHN HOLMAN, Assistant State's Attorneys, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff in error, Edward Johnson, was a judge of election and acted as such in the 23d precinct of the 20th ward of Chicago, Illinois, at a general primary election held April 10, 1928, and in a proceeding in the county court of Cook county, based on section 13 of article II of the City Election Law, Cahill's St. ch. 46, ¶ 267, p. 1196, 1929 Ed., he was adjudged guilty of contempt of that court and ordered committed to the county jail for a period of one year. He prosecutes this writ of error.

A petition was filed in the county court December 20, 1928, by John S. Rusch, chief clerk of the board of election commissioners of the City of Chicago, against

plaintiff in error. It alleged misbehavior on the part of plaintiff in error in his office as judge of election at the said polling place, and averred that such misbehavior constituted contempt of court, and it prayed a rule on him to show cause why he should not be held in contempt of court. A rule was entered, and thereafter a sworn answer was filed by the plaintiff in error. It contained much irrelevant matter, which was properly stricken by the court on motion of the defendant in error. The relevant part denied the charges contained in the petition.

The plaintiff in error contends that "there is no evidence to sustain the respective charges of contemptuous acts set forth in the petition." The defendant in error rightfully insists that the plaintiff in error is not in a position to raise the instant contention. The defendant in error introduced in evidence the poll books, registers and Republican and Democratic tally sheets, and all these have been omitted from the bill of exceptions. Defendant in error also introduced Exhibit 9, which was a tabulation, by the witness Lee, of names that appeared on the poll books that were not on either of the registers, and this exhibit does not appear in the bill of exceptions. It is clear from evidence in the bill of exceptions that the omitted exhibits tended strongly to sustain the charges against the plaintiff in error, and under the well known rule stated in *People v. Niehoff,* 266 Ill. 103, 105, we must presume that these exhibits tended to sustain the charges. We might add, however, that in the present state of the bill of exceptions we find sufficient evidence to show that the plaintiff in error was engaged in a conspiracy to place illegal ballots in the box and that as an election official he aided and abetted the commission of overt acts in furtherance of the conspiracy. The plaintiff in error has apparently argued the instant contention, and one other, upon the assumption that common-law rules gov-

ern the present proceedings. ''That the legislature intended to abolish the common-law rule in this class of contempts can hardly be doubted from the language of the statute which expressly provides for a trial 'in open court on oral testimony in a summary manner without formal pleadings.' '' (*People v. Sylvester,* 242 Ill. App. 565, 571–2, and cases therein cited.)

The plaintiff in error contends that ''the People, acting by its representative, the State's Attorney, or the Special Assistant's Attorney-General entered into an agreement with Johnson to confer immunity upon him in consideration of his testimony. Johnson carried out his part of that contract and testified before Judge O'Connor. The State is now estopped from prosecuting Johnson, either under the Criminal Code or under the contempt provision of the election laws.'' It appears that in the case of *People v. Reed,* tried in the criminal court of Cook county before Judge O'Connor in October, 1928, wherein the defendants were charged with conspiracy to steal, by divers means, the general primary election for certain candidates, the People called plaintiff in error as a witness. In the present proceeding he testified, in effect, that a special assistant attorney general told him that if he testified for the State in the case of *People v. Reed,* nothing would befall him but that if he did not, they would make trouble for him in the county court. Counsel for plaintiff in error, as we understand their argument, insist that when plaintiff in error testified for the State in the aforesaid case he did so under a contract of immunity and that not only the State in criminal cases, but also the judge of the county court in the present proceedings, was bound by the contract. The distinction between a contempt and a criminal offense is clearly pointed out in the case of *People v. Panchire,* 311 Ill. 622. The instant contempt charge is a purely statutory proceeding. When the plaintiff in error be-

came a judge of election he thereby became an officer of the county court, and the power to punish for contempt an election official for misbehavior in office is vested in the county court by section 13. If the assistant attorney general had promised the plaintiff in error immunity from criminal prosecution for acts committed in the election in question, that fact would not prevent the county court from hearing and determining the present contempt charges. But even if the plaintiff in error were being prosecuted in a criminal case he would be in no position to interpose a claim of immunity. In the present proceeding he testified that the evidence he gave for the prosecution in the case before Judge O'Connor was false and that he knew it was false at the time that he testified. Before a defendant in a criminal case can interpose a plea of immunity he must show that in the testimony he gave and for which he claims immunity, he made a full and *truthful* disclosure of the facts. (*People v. Bogolowski,* 317 Ill. 460, 467.) Plaintiff in error contends that this rule should not be enforced against him in the present case because the evidence shows that the State "paid him and terrorized him into acting as a false witness in the criminal case." We shall dispose of this theory of fact in our answer to his next contention.

The plaintiff in error contends that the trial court erred in admitting against him the testimony he gave before Judge O'Connor. He argues, as we understand it, that the State would be estopped from using his testimony before Judge O'Connor as an admission against him for the reason that the State's "special detectives and special counsel" procured him to give false testimony before Judge O'Connor, and that the county court, in a proceeding like the one before us, is a special agent in behalf of the State, and is also barred from using the testimony because of the said conduct of the State's "special detectives and special counsel." It

is a sufficient answer to this contention to say that the proof overwhelmingly shows that the testimony of the plaintiff in error in the present proceeding that he was induced or coerced to give false testimony in the trial before Judge O'Connor, is false. The record in this case discloses a brazen attempt by the plaintiff in error, in support of which he did not hesitate to commit perjury, to defame an assistant attorney general who acted for the prosecution in the case tried before Judge O'Connor. How devoid of merit the present contention is will appear from the following: The defendant in error introduced in evidence only excerpts from the testimony given by the plaintiff in error before Judge O'Connor, while the plaintiff in error saw fit to introduce the entire testimony given by him on that occasion. Having himself introduced the same evidence, he is in no position to insist upon the instant alleged error. (*Bogart v. Brazee,* 331 Ill. 160, 181; *John Griffiths & Son Co. v. Mann,* 255 Ill. App. 618 [Abst.].)

The plaintiff in error contends that the court erred in admitting the testimony of the witness Lee "as to the result of a tabulation made by him of names appearing on poll books but not on the registers." As the exhibits to which the testimony of Lee related were in evidence, the trial court could determine, from an inspection of the same, the weight, if any, that should be attached to the testimony of Lee. The present contention is technical, and without merit. (See *People v. Sylvester, supra,* p. 570, where the court passed upon a similar contention.)

The plaintiff in error next contends that in any event there was no evidence to sustain the second and third findings of the judgment order and that "as the judgment assessed an aggregate penalty for three findings of overt acts, a failure of evidence to sustain any one

of those findings, requires a reversal.'' Our ruling as to the first contention raised by the plaintiff in error disposes of the instant one.

The plaintiff in error was appointed by the county court to the honorable and important office of a judge of election. His plain duty, under his oath of office, was to guard the ballot box, but he betrayed the trust reposed in him and aided and abetted a conspiracy that had for one of its objects the placing of illegal ballots in the box. The record discloses that the conspirators did not hesitate to use violence in furtherance of their objects. Such a conspiracy is in its nature treasonable, for it strikes at the very life of the Republic.

The judgment of the county court should be and it is affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.