People of the State of Illinois ex rel. John S. Rusch, Appellee, v. Michael Molie et al., Appellants.

Gen. No. 41,106.

Opinion filed January 20, 1941.
Rehearing denied February 5, 1941.

ELLIODOR M. LIBONATI, of Chicago, for appellants; ABRAHAM MILLER, of Chicago, of counsel.

Thomas J. Courtney, State's Attorney, for appellee; John F. Cashen, Jr., of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

A petition was filed against defendants who were the judges and clerks at a primary election held April 12, 1938, charging them with misconduct and misbehavior as such judges and clerks and praying that they be adjudged in contempt of court. Defendants denied the charges made against them, there was a hearing before the court and a finding that the two clerks had purged themselves of contempt; they were found not guilty and discharged. The court found the three judges of election guilty of contempt of court and the sentence was that each be committed to the county jail of Cook county for a period of one year. They prosecute this appeal.

After the judgment was rendered by the County court an original petition for mandamus was filed in the Supreme Court the decision of which we were of opinion might affect the disposition of this and other similar cases, and for that reason we awaited the outcome of the case which was finally disposed of December 4, 1940. *Stockholm v. Daly,* 374 Ill. 441.

Before the taking of evidence in the instant case, defendants, the judges of election, filed a document which was designated a petition for a change of venue in which they set up, among other things, that the county judge before whom the case was pending was a candidate at the primary election of April 12, 1938, for renomination and therefore disqualified to try the case. The prayer of the petition was denied and the case was then heard by the court.

We have this day filed an opinion in *People ex rel. Rusch v. Cunningham,* 308 Ill. App. 63, where the same question as to the disqualification of the county judge who tried the case was involved, and we there held

that under the common law which had been decided more than 200 years ago, it was held that the same person should not be a party and a judge in the case. We there referred to an opinion written by Chief Justice HOLT in *City of London v. Wood,* 12 Modern Reports 669-688, and other authorities. Chief Justice HOLT there said: "if an act of parliament should ordain that the same person should be party and judge, or, which is the same thing, judge in his own cause, it would be a void act of parliament; for it is impossible that one should be judge and party, for the judge is to determine between party and party, or between the government and the party; and an act of parliament can do no wrong, though it may do several things that look pretty odd; for it may discharge one from his allegiance to the government he lives under, and restore him to the state of nature; but it cannot make one that lives under a government judge and party."

For other authorities where somewhat analogous questions were involved see, *Tumey v. State of Ohio,* 273 U. S. 510, 71 L. Ed. 749, 47 Sup. Ct. 437 and *People v. Braun,* 303 Ill. App. 177, affirmed by our Supreme Court, 375 Ill. 284.

For the reasons stated in the opinion in the *Cunningham* case and authorities there cited, the judgment of the County court is reversed and the cause remanded with directions that the case be assigned for trial to another judge.

*Reversed and remanded with directions.*

MATCHETT and McSURELY, JJ., concur.