People of State of Illinois ex rel. Henry E. Marski, Appellee, v. Albert Belvedere, Virginia Belvedere, Dorothy Reamer and Mildred Mahon, Appellants.

Gen. No. 44,012.

Opinion filed January 5, 1948. Rehearing denied January 21, 1948. Released for publication January 27, 1948.

ELLIODOR M. LIBONATI, of Chicago, for appellants; WILLIAM VIHON, of Chicago, of counsel.

WILLIAM P. TUOHY, State's Attorney, for appellee; JOHN F. CASHEN, JR., Special Attorney to Board of Election Commissioners, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Albert Belvedere, Virginia Belvedere and Dorothy Reamer, judges, and Mildred Mahon, clerk of election in the 41st precinct of the 13th ward in the City of Chicago at an election held June 3, 1946, appeal from a judgment of the county court finding them guilty of contempt because of misconduct and misbehavior as such election officials and sentencing each of them to the county jail for 90 days. Election Code, Ill. Rev. Stat. 1947, ch. 46, sec. 14–5 [Jones Ill. Stats. Ann. 43.842]. Respondents are charged with permitting "applications to be presented and filed and ballots to be cast in the names of persons who did not personally appear at the polling place and vote in said election" and with permitting "applications containing forged signatures of voters to be presented and filed and ballots to be cast in their names."

On the trial, after counsel for the respective parties had entered into various stipulations relating

to the records and files, etc., of the Board of Election Commissioners, counsel for respondents presented a written motion for a transfer of the cause from the trial judge, charging "that the presiding judge is a candidate for re-election to the office of County Judge in the November, 1946, election; that Respondents believe that due to that fact the Judge's decision may unintentionally be directed toward obtaining public favor to obtain re-election, Respondents' rights will thereby be prejudiced, denying them a fair and impartial trial." This motion was overruled. There is no right to a change of venue from a court trying its own officers for contempt. *People ex rel. Rusch v. Williams,* 292 Ill. App. 228. However, in later cases commencing with *People ex rel. Rusch v. Molie,* 308 Ill. App. 44, it has been held that where the trial judge was a candidate at the election in which the misconduct was charged, he was disqualified by reason of interest and should transfer the cases. In the present case the trial judge was not a candidate for re-election at the June 3, 1946, election and his alleged disqualification is based upon the charge that his "decision may unintentionally be directed toward obtaining public favor to obtain re-election" at an election to be held several months thereafter. The danger of unintentional bias and prejudice, feared by respondents, during a campaign for re-election is present throughout the judge's term of office if, as writers on politics have so long contended, the retention of office is the prime motive of every office holder. The disqualification of the trial judge should not be extended to elections in which he is not a candidate for renomination or re-election. The trial court properly denied the petition.

The principal contention on appeal is that the evidence is insufficient to prove the charges against respondents. The record shows that Mildred Mahon, as clerk, handed applications to the voters and tallied the vote at night; that she was new in the neighborhood

and didn't recognize the voters; that Virginia Belvedere and Dorothy Reamer, sisters, served respectively as clerk and judge at a prior election; that they handled the binders which contained the original registration cards of qualified voters in the precinct and that they interchanged binders. Albert Belvedere acted as judge at the ballot box, initialing and giving out the ballots. Six ballots placed in the ballot box were not initialed. Albert Belvedere, Jr., a clerk, filed the voters' applications on the spindle as he received them from the judges, and tallied at night. He was not found guilty of contempt. By a number of stipulations the binders containing the original registration cards, the applications of voters (the official poll record), the tally lists, etc., were received in evidence. A handwriting expert testified that the signatures on 39 applications were different from the signatures on the corresponding original registration cards; that six of these signatures were written by the same person who wrote the name Virginia Belvedere on her application to vote; that the remaining 33 signatures, which the expert deemed forgeries, were written by the same person. These forged applications were in three groups, as follows: applications numbered 12 to 26 inclusive, 32 to 41 inclusive and 73 to 84 inclusive. The expert also testified that the crosses on a number of the ballots were made by the same person. Seven persons, whose applications to vote were declared forgeries by the expert, testified that they did not sign the applications and did not vote. Five persons, whose signatures on the applications were declared to be forgeries by the expert, testified that they voted and signed the applications. One testified that he voted but that his name to the application was signed by a girl in the polling place whom he could not identify. A seventh person testified that he voted but that he could not tell his signature without glasses.

Virginia Belvedere and Dorothy Reamer testified that they did not compare the signatures on the voters' applications with the signatures on the registration cards, and insist that they did not know they were required to make a comparison for the purpose of identifying the voters. Virginia Belvedere testified that she did not write the names of any of the voters on applications. It is not denied that she voted and signed an application to vote. Dorothy Reamer testified that she knew by sight, or "just to see," Salvatore Cesario, Frances Cesario, his wife, and Arthur Masino. These persons testified that they did not vote at the election and did not sign an application to vote. The original registration cards, applications to vote and ballots were in evidence on the trial. Neither the originals nor photostatic copies have been certified to us and none of them is a part of the record. In *Greenebaum v. Bornhofen,* 167 Ill. 640, a trial before the court without a jury, where the issue was whether or not certain signatures were genuine, the Supreme Court said (645, 646): "In addition to the evidence in the record the chancellor had the benefit of inspecting the two sets of papers which were all properly in evidence in the case. In considering the issue, the court might and should compare the signatures of the papers so in evidence as a means of determining whether the disputed signatures were genuine. (*Brobston v. Cahill,* 64 Ill. 356.) Of this means of determining the truth the Appellate Court and this court are deprived. That it was a most important and valuable aid is certain. It may have afforded the most convincing proofs that the signatures were genuine, and it is to be presumed that it supported the finding of the chancellor in that regard." In *People v. Niehoff,* 266 Ill. 103, 105, the court said: "Where the record shows the introduction of evidence in writing but the writing does not appear in the bill of exceptions, we must presume that

the written evidence tended to sustain the verdict.''
To the same effect is *People ex rel. Rusch v. Johnson*,
255 Ill. App. 288, 290. Under the Election Code (Ill.
Rev. Stat. 1947, ch. 46, sec. 6–66 [Jones Ill. Stats. Ann.
43.682]) Virginia Belvedere and Dorothy Reamer, as
judges of election in charge of the precinct registra-
tion files or binders, were required to compare the
signature on each application to vote with the signa-
ture on the registration record as a means of identify-
ing the voter. They are presumed to know the law.
*Sherman v. People*, 210 Ill. 552. By their admitted
failure to make this comparison, coupled with the evi-
dence relating to the forged applications and the cast-
ing of ballots on such applications, they are guilty of
misconduct and misbehavior charged against them.
Under the same section of the statute it was the duty
of Dorothy Reamer, as a judge of election in charge of
the registration binder, or of a clerk of election, to
initial the application of the voter after comparison
of the signature as a prerequisite to the voter receiv-
ing a ballot. In support of the trial court's finding of
guilty it must be presumed that the missing applica-
tions of the voters received in evidence would show
that Dorothy Reamer had initialed the forged applica-
tions of the three persons whom she knew by sight or
''just to see'' and who testified that they did not vote
or sign an application. There is also a presumption
that the missing applications of the voters would sup-
port the testimony of the expert that six forged ap-
plications were signed by Virginia Belvedere.

Mildred Mahon testified that she handed ap-
plications to the voters who wrote their names; that
she then printed the name under their signatures and
handed the application to a judge; that to her knowl-
edge no applications were removed from the pad of
applications when there were no voters in the polling
place and that no one brought any applications into the
polling place and left them there. Albert Belvedere

testified that he was at the ballot box, where he initialed and gave out ballots; that there were no times when ballots were put in the box when a voter was not casting a ballot, and that to his knowledge no applications were taken out of the polling place or marked by people that were not voters. The testimony of these respondents is not contradicted. There is no evidence connecting them with the forged applications or the casting of ballots on such applications. Therefore no presumption can arise against them from the registration records, applications of voters, etc., received in evidence but not incorporated in the transcript of proceedings. The appeals of these two respondents are governed by *People ex rel. Rusch v. Fusco*, 397 Ill. 468, where the court said: "There is not a single witness who testified to any conduct upon the part of any respondent that would tend to establish the charge. They each vigorously denied it. . . . They were not alone in the election place. . . . Therefore, unless it appears that these respondents had the exclusive opportunity to commit these frauds, the fact that fraud did occur is not proof of their guilt when the opportunity to commit fraud was open to others."

Respondents also contend that the punishment imposed by the trial court is excessive. Under section 29–5 of the Election Code [Ill. Rev. Stat. 1947, ch. 46, par. 29–5; Jones Ill. Stats. Ann. 43.1070(5)] the misconduct and misbehavior of the respondents Virginia Belvedere and Dorothy Reamer shown by this record are made crimes as well as contempt of court. As crimes they are punishable by fine not exceeding $2,000, or imprisonment in the county jail not less than three months nor more than one year or imprisonment in the penitentiary for not less than one year nor more than five years, or both such fine and either such imprisonment in the jail or penitentiary. The punishment imposed in the present case is the minimum term of imprisonment provided by the statute, for the crim-

inal offense. It is unnecessary to stress the seriousness of the offenses proved. The penalty must act as punishment and as a deterrent. In *People ex rel. Rusch v. Madel,* 337 Ill. 169, one year's imprisonment in the county jail for making a false return of the vote was held not to be excessive. The imposition of a fine is only a slight deterrent to the repetition of these offenses, for we must recognize that any fine imposed would in all probability be paid by unnamed persons, more vitally interested in effecting the fraud than were the respondents and at whose instigation the respondents undoubtedly acted. We cannot hold that the punishment is excessive.

The judgment of the county court as to the respondents Albert Belvedere and Mildred Mahon is reversed. The judgment of the county court as to the respondents Virginia Belvedere and Dorothy Reamer is affirmed.

*Reversed in part and affirmed in part.*

FEINBERG and O'CONNOR, JJ., concur.