Isadore Wolf, Defendant in Error, v. Schiff Trust and Savings Bank, as Trustee, etc., Plaintiff in Error.

Gen. No. 37,223.

Opinion filed July 6, 1934.

ARKIN, BERMAN & MARKS, for plaintiff in error; FRANCIS J. HIGGINS, of counsel.

IRVING G. ZAZOVE, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On May 25, 1933, Isadore Wolf commenced in the municipal court a fourth class action in contract against defendant, Schiff Trust & Savings Bank, as trustee, etc., based upon three bonds of $100 each. On July 14, 1933, after defendant's motion to strike from the files plaintiff's statement of claim had been overruled by the court, and after defendant had filed

an affidavit of merits to the statement of claim, the cause came on for trial without a jury, resulting in the court finding the issues against defendant, *as such trustee,* and assessing plaintiff's damages at the sum of $352.26. On the same day the court entered the following judgment:

"That it is considered by the court that plaintiff have judgment on the finding herein, and that plaintiff have and recover of and from the defendant, Schiff Trust & Savings Bank, a corporation, *Trustee under the provisions of a deed or deeds in trust under certain trust agreement, dated September 15, 1925, and known as Trust No. 28,* his damages amounting to the sum of $352.26, in form as aforesaid assessed, together with his costs herein expended, and that execution issue therefor."

By the present writ of error defendant seeks to reverse the judgment. No bill of exceptions is contained in the transcript of the record. In plaintiff's statement of claim it is alleged in substance:

"That on or about June 5, 1926, defendant executed and delivered 113 bonds, Nos. 1 to 113, inclusive, in the aggregate principal sum of $50,000, wherein it undertook and agreed to pay to the bearer, or registered owner, of any of the bonds the face value thereof, plus interest; that plaintiff is the owner and holder of three (3) of said bonds, each for the sum of $100, or a total of $300, plus interest coupons each for $3, or a total of $9"; that "photostatic copies of said bonds are hereto attached and *made a part of this statement of claim"*; that the bonds provided among other things that they would pay interest at the rate of 7 per cent per annum after maturity and until fully paid; that they became due and payable on June 5, 1931, and thereby plaintiff became entitled to receive 7% interest from said date on said $309 (amounting to $43.26), or a total sum of $352.26; that plaintiff has demanded

of defendant that it pay said sum, but it has refused and still refuses so to do. To plaintiff's damage, etc.

From the photostatic copies of the three bonds, made a part of plaintiff's statement of claim, it appears that they are each for the sum of $100, are numbered respectively Nos. 96, 108 and 109, and are signed "Schiff Trust and Savings Bank, as *Trustee as aforesaid and not personally,*" by its president and assistant cashier. On the face of the bonds there are *inter alia* the following provisions (italics ours):

"The undersigned, SCHIFF TRUST AND SAVINGS BANK, a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, not personally but as Trustee under the provisions of a deed or deeds in trust duly recorded and delivered to said Company in pursuance of a Trust Agreement dated September 15, 1925, and known as Trust Number Twenty-eight (28), hereby promises, *out of that portion of the Trust Estate, subject to said Trust Agreement specifically described in the Trust Deed given to secure the payment hereof,* to pay to bearer (or registered owner hereof) in the manner hereinafter and in said Trust Deed provided, on the fifth day of June, 1931, the principal sum of One Hundred Dollars ($100.00)" . . .

"This bond is executed by SCHIFF TRUST AND SAVINGS BANK, *not personally but as Trustee as aforesaid,* and is payable only out of the property specifically described in said Trust Deed, securing the payment hereof, by the enforcement of the provisions contained in said Trust Deed. *No personal liability shall be asserted or be enforceable against the promissor* or any person interested beneficially or otherwise in said property specifically described in said Trust Deed given to secure the payment hereof, or in the property or funds at any time subject to said Trust Agreement, because or in respect of this bond or the making, issue

or transfer thereof, *all such liability, if any, being expressly waived by each taker and holder hereof* and each original and successive holder of this bond accepts the same upon the express conditions that no duty shall rest upon the undersigned to sequester the rents, issues and profits arising from the property described in said Trust Deed, or the proceeds arising from the sale or disposition thereof, *but that in case of default in the payment of this note, or any installment of interest, the sole remedy of the holder hereof or of any of the interest coupons attached hereto shall be by foreclosure of the said Trust Deed* given to secure the indebtedness evidenced by this principal bond and the interest notes hereto attached, in accordance with the terms and provisions in said Trust Deed set forth. . . .

"IN WITNESS WHEREOF, said SCHIFF TRUST AND SAVINGS BANK, not personally but as Trustee as aforesaid, has caused these presents to be signed by its President and Assistant Cashier, and has also caused the interest coupons hereto attached to be executed with their lithographed signatures at Chicago, Illinois, this Fifth day of June, 1926."

In defendant's affidavit of merits, made by a duly authorized agent having knowledge of the facts, it is stated that each of the bonds sued upon have certain provisions (here are specified the provisions above set forth), and it is further stated:

"Affiant further states that the trust estate subject to said trust agreement referred to consisted merely of title to the real estate described in said bonds, and has heretofore been conveyed by defendant at the direction of the holder of the certificate of beneficial interest under said trust, and that defendant has no property or real estate which he holds as Trustee under said trust, and that the same has been closed:

"Wherefore, affiant denies that defendant is indebted to plaintiff in the amount sued for herein, or in any other amount."

Considering the provisions in the bonds sued upon (particularly those italicized above) and plaintiff's statement of claim, we are of the opinion that the trial court erred in entering the judgment in question. It is well settled that "an action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation or the trust estate." (*Wahl v. Schmidt,* 307 Ill. 331, 341; *Duvall v. Craig,* 2 Wheat. [U. S.] 45, 57.) And it is also well settled that "a guardian, executor, administrator, *trustee,* or other person acting in such relation, in a contract with third persons binds himself personally, *unless* he exacts an agreement from the person with whom he contracts to look to the funds of the estate exclusively." (*Austin v. Parker,* 317 Ill. 348, 354; *Bradner Smith & Co. v. Williams,* 178 Ill. 420, 425; *Schumann-Heink v. Folsom,* 328 Ill. 321, 329.) In the case last cited it is said (italics ours):

"When a trustee contracts he does so for himself. He has no principal. The contract is the personal undertaking of the trustee, and if he wants to protect himself from individual liability on the contract *he must stipulate that he is not to be personally responsible and that the other party is to look solely to the trust estate.* (Citing cases.) In the case at bar the trustees did limit their liability by specifically stating that the contract was executed 'not individually but as such trustees to bind the trust estate.' Under the authorities this was sufficient. A covenant by trustees, 'as such trustees but not otherwise,' to repay a loan is a covenant to repay the money out of the trust fund, only, and does not impose any personal liability upon the trustees. (Citing cases.) . . . It is not against public policy to make an agreement with a creditor that he shall, in case of default in payment, look exclusively to a particular fund for his reimbursement." (Citing cases.)

From the provisions in the bonds sued upon in the present case, and in view of the above authorities, it is clear to us that defendant bank cannot, in an action at law upon these bonds, be held liable. In each of them defendant bank, "not personally but as Trustee," etc., promised, "out of that portion of the Trust Estate, subject to said Trust Agreement specifically described in the Trust Deed given to secure the payment hereof," to pay to bearer, "in the manner hereinafter and in said Trust Deed provided," the principal sum of $100. And on the face of each bond it is further provided that the bond is executed by defendant bank "not personally but as Trustee as aforesaid"; that the bond "is payable *only* out of the property specifically described in said Trust Deed, securing the payment hereof, by the enforcement of the provisions contained in said Trust Deed"; that "no personal liability shall be asserted or be enforceable against the promissor . . . , all such liability, if any, being expressly waived by each taker and holder hereof"; and that "in case of default in the payment of this note, or any installment of interest, the *sole remedy* of the holder hereof . . . shall be *by foreclosure of the said Trust Deed*," etc.

The judgment of the municipal court of Chicago of July 14, 1933, against defendant bank should be and is reversed.

*Reversed.*

SCANLAN and SULLIVAN, JJ., concur.