Otto C. Woerter, Receiver for Berwyn State Bank, Appellant, v. Fred J. Mahler, Jr. et al., Appellees.

Gen. No. 41,864.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed April 20, 1942. Rehearing denied May 4, 1942.

HENRY T. CHACE, JR. and CARL G. PRETZEL, both of Chicago, for appellant.

CAMERON, HEATH & BURRY, of Chicago, for appellee Fred J. Mahler, Jr.; WILLIAM BURRY, JR., of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The receiver brought suit against Mahler, Jr., on June 24, 1938. June 24 he filed an amended complaint naming Robert W. Teeter, Cole Lenzie, William Scheive and John Killips, with others, as defendants. Attached to the complaint is the promissory note upon which the action was based. It was executed May 1, 1931, is for the sum of $9,630 due on demand to the order of the Berwyn State Bank, with interest at 6 per cent per annum after date. It is a collateral note secured by certificate No. 99 for 42 shares of the Lyons State Bank stock and certificate No. 4 for 48 shares of the stock of the Lyons State Company. The note was executed "Fred J. Mahler, Jr., Trustee." The Berwyn State Bank was closed by the auditor of public accounts on June 27, 1931.

The complaint in three counts alleges that Mahler, Jr., Teeter, Lenzie, Scheive and Killips in April 1931, agreed between themselves to purchase the stocks held as collateral to the note for their mutual benefit, and pursuant to that agreement made the note under the name and style of "Fred J. Mahler, Jr., Trustee," and delivered it to the Berwyn State Bank, and plaintiff asks judgment against each of the defendants for the full amount of the note with interest at 6 per cent. The

second count states the same facts with the exception that the agreement is said to have been that each of the defendants would be liable for payment of one seventh of the purchase price of the stock and the amount of the note, and judgment is asked against each of them for $1,375.71 with interest at the rate of 6 per cent per annum from May 1, 1931. The third count alleges that Fred J. Mahler, Jr. made the note, and that he is liable for the amount of it with interest.

Mahler, Jr. appeared and filed a verified plea and affidavit of merits. October 2, 1940, by stipulation the cause was dismissed as to Cole Lenzie without costs. Killips and Teeter were defaulted and the other defendants are dead. The cause was put at issue and tried by the court without a jury. There was a finding for the defendants with judgment against the plaintiff for costs, and this appeal followed.

Mahler's (Jr.) plea denied that he promised as alleged. The affidavit of merits averred as a defense that Mahler, Jr. executed the note in his capacity as trustee under a parol trust agreement made between himself, as trustee, and Teeter, Mead, Killips, Scheive and Wegner, individually, as beneficiaries to evidence a loan made by the Berwyn State Bank about May 1, 1931, to the trust estate for which affiant was (and still is) acting as trustee; that the terms of the trust agreement were well known to the Berwyn State Bank at the time the loan was made, and that the bank by its duly authorized officers and agents specifically agreed at the time the loan was made and the note executed that the bank would not look to the individual liability of Mahler, Jr., and that the note sued on was executed as evidence of this agreement and as evidence of the limitation of liability for repayment of the loan; that after the loan was made and the note executed by him as trustee, a written memorandum embodying the terms and provisions of the trust, dated June 1, 1931, was entered into between the parties, which he offers to produce in court.

The affidavit further averred that plaintiff, who sued as receiver of the Berwyn State Bank, is not an innocent holder for value before maturity of the note but succeeded to the title and to the indebtedness evidenced thereby, subject to all legal and equitable defenses.

There is practically no dispute as to the facts. The note sued on was given in lieu of a former note executed "Fred J. Mahler, Jr.," August 28, 1930, to the order of the Berwyn State Bank, for the same amount as this note. On that date Fred J. Mahler, Jr., Robert W. Teeter, Mead, Killips, Scheive and Wegner were directors of the Lyons State Bank, and Robert W. Teeter was its president. Teeter was also a director, vice president and cashier of the Berwyn State Bank. The Lyons State Bank had petitioned the Secretary of State to increase its capital stock. The time was approaching when this capitalization must be completed. The bank had not sold the additional stock as it had hoped to do. August 27, 1930, Lyons State Bank was short on subscriptions to the increased stock 42 shares. The directors met at the bank and talked about the matter. Teeter suggested a loan from the Berwyn State Bank to be used to pay for the stock. The suggestion was agreed to. There was no meeting of the board of directors of the Berwyn State Bank. The matter was, however, arranged by telephone. The Berwyn State Bank had obtained at one time a similar loan from the National Bank of the Republic. Mr. Rann, cashier of the Lyons State Bank, had a block of blank notes of the Berwyn State Bank. He filled one out and on the next day (August 28, 1930) secured the signature of Mahler to it at Mahler's place of business. While a director of the bank, Mahler was the proprietor of a meat and grocery store in Lyons. Rann had the certificates for the stock issued in Mahler's name and procured his endorsement, took the certificates to the Berwyn State Bank, where Teeter, president of the Lyons State Bank (also cashier of the Berwyn

State Bank), issued the check of the Berwyn State Bank to the order of Mahler for $9,630. Mr. Rann then secured the endorsement of Mahler and deposited the check in the Lyons State Bank in payment for the shares of stock in the Lyons State Bank and the Lyons State Company. The note sued on was given in lieu of this personal note of August 28, 1930.

Mahler, Teeter and Rann testified. Their evidence tending to show that the transaction was not for the benefit of Mahler, Jr. but for the accommodation of the Lyons State Bank by the Berwyn State Bank, and that the agreement was that while Mahler's name was to be used in the transaction he would not be held personally liable but that the Berwyn State Bank would look solely to the stock which was put up as collateral. The trial judge, after hearing the evidence, made this statement: "I find from the evidence that it was the intention of all parties to the transaction that the money loaned upon the note was to be loaned to Mahler as trustee and not individually; that such money and the stock subscribed for and paid for with it should constitute a trust fund, and that the bank agreed that it would look only to such fund for repayment of the note, and that Mahler should not be liable therefor individually." The real transaction was that Berwyn State Bank loaned money to the Lyons State Bank and there was no intention that anyone else should pay the loan or own the collateral.

In *Tampa Investment & Securities Co. v. Taylor*, 272 Ill. App. 541, this court held where the note sued on was executed as this one, oral evidence was admissible to show what was the real intention of the parties to the transaction, and for the refusal to admit such evidence we reversed a judgment for plaintiff and remanded the cause. In that case we construed section 20 of the Negotiable Instruments Act [Jones Ill. Stats. Ann. 89.040]. We adhered to that decision in *City Nat. Bank & Trust Co. of Chicago v. Oberheide Coal Co.*, 307 Ill. App. 519, 527. This construction of that section was ap-

proved by some courts and disapproved by others, as will appear from the annotation to *Kegel v. McCormack*, 225 Wis. 19, 272 N. W. 650, 111 A. L. R. 643. Apparently Professor Williston regards such construction as in effect amounting to reformation of the instrument sued on. (See Williston & Thompson, Rev. Ed., vol. 1, § 312, pp. 911–916; see also *Kaspar American State Bank v. Oul Homestead Ass'n*, 301 Ill. App. 326.)

The finding of the trial judge in this court and in this case is entitled to the same weight as the verdict of a jury, and we cannot say that his finding is manifestly against the weight of the evidence. *Balaban v. Willett*, 305 Ill. App. 388. The judgment will be affirmed.

*Affirmed.*

McSURELY, P. J., concurs.

MR. JUSTICE O'CONNOR specially concurring: I agree that the judgment should be affirmed. See my concurring opinion in *City Nat. Bank & Trust Co. of Chicago v. Oberheide Coal Co.*, 307 Ill. App. 519, 527.