## Nick Vladoff, Appellant, v. Illinois Bankers Life Assurance Company, Appellee.

Opinion filed October 30, 1943.

BEASLEY & ZULLEY and PHILIP G. LISTEMAN, all of East St. Louis, for appellant.

OLIVER J. MILLER and LASHLY, LASHLY, MILLER & CLIFFORD, all of St. Louis, Mo., and NORMAN J. GUNDLACH and KRAMER, CAMPBELL, COSTELLO & WIECHERT, all of East St. Louis, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the city court of East St. Louis, in favor of the defendant appellee, Illinois Bankers Life Assurance Company, a corporation (hereinafter called defendant), and as against plaintiff appellant, Nick Vladoff (hereinafter called plaintiff).

The action arose as the result of a suit upon a policy of insurance in the defendant company, by the

plaintiff, to recover accident disability benefits at the rate of $60 per month (not exceeding five years), on an accident insurance policy issued to him by the defendant. The cause was heard by the trial court, and without a jury, and after a hearing, judgment was entered for defendant and against plaintiff, for costs. Plaintiff prosecutes this appeal.

The evidence and the pleadings in the cause disclose that an accident insurance policy in the defendant company was sold to plaintiff on September 23, 1935, and that plaintiff had paid the monthly premium to the agent who sold him the policy and who had prepared the application a few days before that date. On October 9, 1935, plaintiff sustained certain accidental injuries when he was thrown down on a streetcar and fell on his back and struck his head against the car steps and platform. It was contended that the plaintiff became totally disabled as the result of such accidental injuries and has remained so ever since such date. There was evidence of extensive treatment after the time of the accident, and of inability of plaintiff to do manual labor or labor as a bartender (as he was engaged prior to the time of the accident).

In the application for insurance, which was signed by the plaintiff, the written answers indicated that plaintiff was never operated on, except for appendicitis, and had never suffered from any of a number of diseases listed in the application, and had not received other medical or surgical attention within the last ten years, and had never had any other accidents. Evidence produced at the trial indicated that such answers were untrue, and that plaintiff had suffered and was suffering from a variety of diseases; that he had suffered other injuries and accidents; and that he had been operated upon on three occasions, for kidney stones, for removal of the gall bladder, and for other conditions.

It was the contention of the defendant company, substantially, that plaintiff was not entitled to recover for two major reasons (First) That his disability or present condition did not arise out of the streetcar accident in October of 1935; and (Second) That the policy upon which the action is predicated did not become effective because plaintiff had failed to disclose his previous medical history. It was the contention of defendant company that there were misrepresentations of material facts in the application for insurance and, that therefore, a policy issued in reliance upon such misrepresentations could be avoided. Plaintiff had contended that because the agent of defendant made out the application, and by reason of the fact that plaintiff was not able to read and had no knowledge of what answers were written in the application by the agent, that such statements could not operate to avoid the policy. Other grounds are likewise urged by plaintiff in this case.

One of the substantial issues in the case was whether or not the disabilities of which plaintiff complained, were the result of the accidental injuries sustained a short time after the policy was in force. There was a great deal of documentary evidence, consisting principally of hospital records, which disclosed that plaintiff had been suffering for a number of years with some of the same complaints which he asserted in this action were caused in the streetcar accident. There was, therefore, a question of disputed fact to be decided by the court. From the record there was evidence to indicate that the disabilities which plaintiff contends were caused as the result of the streetcar accident might not have been so caused.

The findings of the trial court in a case tried without a jury, are binding on the Appellate Court, unless such findings are clearly and manifestly against the weight of the evidence. They are entitled to the same

weight as the vérdict of the jury (*Woerter v. Mahler,* 314 Ill. App. 324), and, if there is substántial evidence to support the findings of the trial court, such findings will not be disturbed, even though, on a review of the evidence, this court might be disposed to come to a contrary conclusion (*Chamblin v. New York Life Ins. Co.,* 292 Ill. App. 532).

In view of the state of the proof in the record in this cause it cannot be stated that the conclusion of the trial judge is manifestly or palpably against the weight of the evidence. Under such circumstances the judgment of the city court of East St. Louis should be affirmed.

In view of the conclusion of this court that the decision of the court below should be affirmed on the basis of the evidence in the record as herein stated, it is unnecessary that we discuss the other grounds urged as a basis for the affirmation of such judgment.

The judgment of the city court of East St. Louis is, therefore, affirmed.

*Judgment affirmed.*