## BROWN v. PRINCE.

### No. 3438.

Circuit Court of Appeals, Tenth Circuit.

May 6, 1947.

Rehearing Denied June 2, 1947.

538

J. Kentner Elliott, of Chicago, Ill. (Arden E. Ross, of Tulsa, Okl., on the brief), for appellant.

Saul A. Yager, of Tulsa, Okl. (Amos T. Hall, of Tulsa, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Margaretta C. Brown, a citizen of California, instituted this action in the United States Court for Northern Oklahoma against George W. Prince and Wm. H. J. Harris, citizens of Illinois, and E. B. Prince, wife of George W. Prince, a citizen of Oklahoma, to recover damages for alleged breach of a written contract. The suit was dismissed as to the defendants George W. Prince and Wm. H. J. Harris. As between plaintiff and defendant E. B. Prince, the cause was tried to the court without a jury. Judgment was entered for defendant, and plaintiff appealed.

Margaretta C. Brown owned the Morris Flour Mills, located at Morris, Illinois; and her husband, Dan H. Brown, was her duly authorized agent in respect to the sale or rental of the property. George W. Prince was a physician and surgeon in Chicago; Wm. H. J. Harris was a dentist in Chicago; and E. B. Prince owned and operated a drug store in Tulsa, Oklahoma. The contract was signed by Brown, on one part, and by Prince, Harris, and Prince, on the other. It was executed in September 1944, and provided that for $2,000 paid in cash Brown agreed to sign and deliver to Prince, Harris, and Prince a lease and purchase option on the property; that the rental should be $2,000 for the months of October, November, and December, and $1,000 for the next nine months; that Brown agreed to accept $250,000 as the purchase price for the property at any time between the execution of the lease and

purchase option and its termination; and that in the event the option to purchase was exercised, the amount paid as rental should be considered as part of the purchase price. The cash payment of $2,000 was made; some payments of rental were made; default was made in further payment of rentals; the option to buy was not exercised; and Brown gave written notice of the termination of the contract.

The contract was executed in Illinois and was to be performed there, and it is not suggested that at the time of its execution the parties intended to be bound by the law of any other state. Therefore, all matters bearing upon the nature, obligation, and interpretation of the contract are governed by the law of Illinois. Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 129 U.S. 397, 458, 9 S. Ct. 469, 32 L.Ed.. 788; Oklahoma City, Okl. v. Dolese, 10 Cir., 48 F.2d 734; Consolidated Flour Mills Co. v. File Bros. Wholesale Co., 10 Cir., 110 F.2d 926; Gossard v. Gossard, 10 Cir., 149 F.2d 111; Alexander v. Alexander, 10 Cir., 158 F.2d 429.

The court treated the contract as being ambiguous with respect to the capacity in which the defendant E. B. Prince executed it, and admitted evidence as to whether there was an understanding and agreement between the parties at the time of its execution concerning the capacity in which her signature was affixed to the instrument. And the court found that at the time of the execution of the contract there was an understanding and agreement between the parties that the defendant E. B. Prince executed it solely and exclusively as secretary of a syndicate to be formed; that she was not signing it in her individual capacity; and that in no event should she be personally liable under its provisions. That action of the court is assigned as error. The argument is that the contract was not ambiguous and that there was no basis in law for the admission of the oral testimony and the making of the finding. But the contract recited at the very outset that it was between Prince, Harris, and Prince, trustees for a syndicate to be formed by them, on one hand, and Brown, authorized agent for the owner of the flour mill, on the other hand; and it provided among other things that in the event Prince, Harris, and Prince should find themselves, or their syndicate, or a corporation later to be organized during the period of the lease and purchase option, not desirous of exercising the option to purchase, then on payment of $10,000 in cash and continued payment of rental the original one-year lease and purchase option could be continued for another year. That suggestive recital and provision injected ambiguity into the contract with respect to the capacity in which the defendant E. B. Prince and her associates executed the instrument. The appellation at the beginning and the provision appearing later in the instrument, indicated uncertainty as to whether it was intended that the defendant E. B. Prince and her associates should be bound personally for the fulfillment of the contract or whether they acted solely and exclusively as the agent of the syndicate with binding effect upon it. It seems to be a firmly established rule of law in Illinois that where a contract is ambiguous with respect to the capacity in which it was executed and suggests on its face that the party affixing his signature thereto may have acted as agent, or as trustee, or in some other like capacity, without personal liability, parol evidence is admissible to show the capacity in which the instrument was actually executed; and that where it is shown that the parties understood and agreed that it was executed solely and exclusively in such representative capacity, without personal liability, no personal liability exists, either upon the contract or otherwise, unless he made some misstatement of material fact in the transaction on which the other party relied and acted to his injury. O'Connell v. Horwich, 284 Ill.App. 554, 1 N.E.2d 231; Rothbart v. Metropolitan Trust Co., 307 Ill.App. 271, 30 N.E.2d 183; Woerter v. Mahler, 314 Ill.App. 324, 41 N.E.2d 230. And in some circumstances an agreement that no personal liability attaches may be implied. O'Connell v. Horwich, supra; Rothbart v. Metropolitan Trust Co., supra.

While the issue was a controverted one, the finding of the court that it was understood and agreed between the parties

at the time of the execution of the contract that the defendant E. B. Prince was executing it solely and exclusively as secretary of the syndicate thereafter to be formed is supported by substantial evidence and is not clearly erroneous, due regard being had for the opportunity of the trial court to appraise the credibility of the witnesses and determine the weight to be given to their testimony. Accordingly the finding must stand on appeal. Day v. Newton, 10 Cir., 142 F.2d 582; Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338; Davies v. Lahann, 10 Cir., 145 F.2d 656; Stevens v. United States, 10 Cir., 146 F.2d 120; Patton v. Lewis, 10 Cir., 146 F.2d 544; Gerson v. Anderson-Prichard Production Corporation, 10 Cir., 149 F.2d 444; Freese v. Jones, 10 Cir., 156 F.2d 454.

■ There was testimony to the effect that Brown and the husband of the defendant E. B. Prince each stated to her that she would not be personally liable under the contract. Characterizing such statements as misrepresentations, it is contended that they related solely to the legal effect of the contract and are not a defense; that they were made prior to the execution of the instrument and therefore cannot be heard to protect her against liability; and that if she signed the instrument without reading it but relying upon such misrepresentations, she cannot escape liability. The effort is to invoke in support of these contentions well recognized principles of law about which there can be no doubt. But the testimony showing that such statements were made did not violate any of these rules of common learning in the field of law. The contract was ambiguous on its face with respect to the capacity in which the defendant E. B. Prince and her associates affixed their signatures to it, and the testimony was admitted for the purpose of showing whether there was an understanding and agreement between the parties at the time of its execution as to her being a party to it personally or solely in a representative capacity.

■ The remaining contention meriting brief consideration is that the finding of the court to the effect that the syndicate mentioned in the contract was not formed is against the evidence. The suit was against the defendant E. B. Prince in her individual capacity and was for alleged breach of the contract. Failure to exercise the option to purchase the property did not constitute a breach of the contract. And failure to form the syndicate was not charged in the complaint as constituting a breach of the contract for which the defendant was personally liable. The breach alleged in the complaint was failure to pay rentals. Manifestly the finding that the evidence failed to show the formation of the syndicate was not essential to the judgment, and the judgment did not rest upon it. Assuming without deciding that the finding is not supported by substantial evidence, it was not prejudicial.

The judgment is affirmed.