**WYOMING RY. CO. v. HERRINGTON.**

No. 3480.

Circuit Court of Appeals, Tenth Circuit.

Oct. 17, 1947.

A. G. McClintock, of Cheyenne, Wyo. (Ellery, McClintock & Gray, A. G. McClintock, and Norman B. Gray, of Cheyenne, Wyo., on the brief), for appellant.

Pierpont Fuller, Jr., of Denver, Colo. (William V. Webb, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Cass M. Herrington, an attorney at law with offices in Denver, Colorado, instituted in the United States Court for Wyoming this action against Wyoming Railway Company, a corporation owning and operating a railroad between Buffalo, Wyoming, and Clearmont, Wyoming, a distance of approximately twenty-nine miles, and E. V. Kelly, vice-president and general manager of the corporation, to recover judgment for professional services rendered. The cause was tried to the court without a jury. The action was dismissed as to the defendant Kelly, and judgment was entered against the defendant corporation. For convenience, reference will be made to the parties as they were denominated in the trial court.

The jurisdiction of the trial court is challenged. It was alleged in the complaint that plaintiff was a citizen of Colo-

rado; that the defendant railway company was a corporation organized under the laws of Wyoming; that the defendant Kelly was a citizen of Wyoming; and that the matter in controversy exceeded the sum of $3,000, exclusive of interest and costs. And it was further alleged that the services rendered were of the value of $5,500; that $500 had been paid thereon; and that the balance due was $5,000, for which judgment was prayed. Section 24 of the Judicial Code, 28 U.S. C.A. § 41, provides in material part that the district courts of the United States shall have original jurisdiction of all suits of a civil nature, at common law or in equity, between citizens of different states where the matter in controversy exceeds $3,000, exclusive of interest and costs. Diverse citizenship is admitted, but it is contended that the claim was merely colorable in amount for jurisdictional purposes. It is the well established rule that the amount claimed in good faith in the complaint is the test for jurisdiction, so far as that is dependent upon the amount in controversy. Groundless or fictitious claims obviously set up for the purpose of swelling the claim on the face of the complaint to an amount within the jurisdiction of the court fail of their purpose. And where it appears to a legal certainty from the face of the complaint that the claim is in reality for less than the jurisdictional amount, the suit does not involve a dispute or controversy properly within the jurisdiction of the court. But the inability of plaintiff to recover any amount adequate to give the court jurisdiction does not show bad faith or oust the court of jurisdiction. Neither does the fact that the complaint discloses upon its face the existence of a valid defense to the claim take the case outside the jurisdiction of the court. It is only where it appears to a legal certainty from the face of the complaint that the plaintiff cannot recover an amount within the jurisdiction of the court, or where it appears from the proof that the plaintiff never was entitled to recover that amount, and that the claim is merely colorable for the purpose of conferring jurisdiction, that a suit of this kind will be dismissed for want of the requisite amount in controversy. Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921; Gray v. Blight, 10 Cir., 112 F.2d 696, certiorari denied, 311 U.S. 704, 61 S.Ct. 170, 85 L. Ed. 457. It does not appear to a legal certainty fom the face of the complaint in this case that plaintiff is not entitled to recover an amount within the jurisdiction of the court. Neither does it appear from the evidence that the claim is fictitious and colorable for the purpose of conferring jurisdiction. Therefore the attack upon the jurisdiction of the court is without foundation.

■ The judgment is attacked on the ground that while the claim was presented and tried on quantum meruit, disposition was made of the case on the theory that the defendant had breached a contract of employment and should suffer damages for the breach. The contention misconceives the basis on which the court made disposition of the case. The court did find that the defendant took certain action in violation of the terms of plaintiff's employment, but that finding had relation to the question whether plaintiff was warranted in declining to proceed further as attorney for the defendant. The findings of fact and conclusions of law, and the judgment, considered together, make it clear that the court determined the reasonable value of the services which plaintiff rendered, applid the amount paid as a credit thereon, and awarded judgment for the balance due. Recovery was not awarded as damages for breach of contract. It was on the basis of quantum meruit.

■■ The finding of the court that the professional services which plaintiff rendered were of the reasonable value of $3,500 is challenged. As we understand the grounds of attack, they are that the payment made to plaintiff more than compensated him for the services rendered, and further that the amount fixed by the court was excessive. Many factors should have appropriate consideration in determining the reasonable value of professional services rendered by an attorney, including among others the time spent, the impor-

tance of the work done, the results accomplished, and the ability of the client to pay. It would not serve any useful purpose to detail at length the nature and extent of the services rendered, or to segregate and discuss particular segments of the evidence, as no two cases of this kind are alike. It is enough to say that plaintiff testified that in his opinion the services rendered were of the reasonable value of $5,500, and that no other expert testimony was offered in respect of the question. Defendant places strong reliance upon a letter written by plaintiff in which he demanded payment of $2,000 as the balance for his services and stated that he would not discuss the figure further. But a casual reading of the letter in its entirety makes it plain that it was written in an effort to reach a then present adjustment of the controversy, not as an admission that the services were of the reasonable value of the amount stated. After reviewing the record with painstaking care, we find ourselves unable to say that the payment made to plaintiff compensated him in full for the services rendered or that the amount fixed by the court as the reasonable value of such services was excessive.

■ The further contention advanced is that plaintiff, without cause, abandoned his employment prior to the time the purpose of the employment was accomplished, and that therefore he is not entitled to recover in quantum meruit. This case does not present any need to explore the question whether an attorney who, without justification and without the consent of his client, voluntarily withdraws from the matter entrusted to him before its termination and before he has fully performed the services required of him with respect thereto loses all right to compensation for the services rendered, or whether he may recover on quantum meruit for the services already rendered notwithstanding his abandonment of the employment, because here the court found that the defendant took certain action contrary to the terms of plaintiff's employment; that in doing so it breached the contract of employment; that on account of the breach, plaintiff declined to proceed further in the matter; and that defendant consented to plaintiff's withdrawal from the employment. These findings are not clearly erroneous. Therefore they must stand on appeal. Freese v. Jones, 10 Cir., 156 F.2d 454; Brown v. Prince, 10 Cir., 161 F.2d 537; Yates v. American Republics Corp., 10 Cir., 163 F.2d 178. And the withdrawal of plaintiff in these circumstances did not foreclose him from recovering on quantum meruit for the services rendered.

■ The remaining contention presented is that the contract of employment on which plaintiff relies is condemned by section 201(i) of the Emergency Relief and Construction Act of 1932, 47 Stat. 709, 713, 15 U.S.C.A. § 605b(i), which provides in substance that no fee or commission shall be paid by any applicant for a loan under the provisions of the Act in connection with any application submitted or loan made or to be made, and that an agreement to pay or payment of any such fee or commission shall be unlawful. This question was not presented to the trial court in any manner. It is raised on appeal for the first time, and that cannot be done. But laying that barrier aside, the statute was intended to prevent the vice of so-called professionals for financial reward using influence, applying pressure, or employing other subterranean methods at key points in the presentation of applications for loans. It was not the intention of Congress in the enactment of the statute to forbid the payment of reasonable compensation for professional services rendered in conventional manner by an attorney to his client in connection with the preparation and presentation of an application for a loan. The contract between these parties was essentially one in which the corporation employed the attorney of its own choice to advise, counsel, prepare documents, and render other related skilled services in his professional capacity in connection with the effort exerted and to be exerted by the corporation in securing a loan from the Reconstruction Finance Corporation, the proceeds of which were to be used in needed rehabilitation of the property of the corporation. Neither the purpose contemplated by the parties at the time of entering into the contract, nor the nature of the services rendered by the

plaintiff pursuant to the contract, bring the employment within the condemnation of the statute.

The judgment is affirmed.